IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MOSES WHITE, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv23-WKW |
| | ) | |
| STATE OF ALABAMA,  *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*,

it is

ORDERED that the motion be and is hereby GRANTED.

The plaintiff's pro se complaint proceeds under 42 U.S.C. § 1983.  The plaintiff

names as defendants the State of Alabama, T. A. Fuentes, deceased Circuit Judge Joseph

Phelps, Mary Lambert, Capt. Hankins, Jack Hunter, Bruce Howell, District Attorney Jon

Turner, Bob Merrill and Lt. S. Williams.  Upon review of the complaint, the court concludes

that, for a number of reasons, dismissal of this case is proper under 28 U.S.C. §

1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss a pro se case if it

determines that the case is frivolous or malicious.  A factual frivolousness finding is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.

1993).  At any stage of the proceedings, a case is frivolous for the purpose of § 1915(d) when

it appears the plaintiff "has little or no chance of success."  *Carroll*, 984 F.2d at 393.  A

district court may conclude a case has little or no chance of success and dismiss the

complaint before service of process when it determines from the face of the complaint that

the factual allegations are "clearly baseless" or that the legal theories are "indisputably

meritless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, 504 U.S. at 32-33.

Rather than interpret what the plaintiff states in his complaint, the court will quote it.

> 5.     State the facts on which you base your allegation that your
>        constitutional rights have been violated: child abuse/sex abuse I Clerk
>        of the Circuit Court of Montgomery County.  Inalienable rights.  Due
>        process of law.   Probable cause, bias, jury tempr. (sic) hearsay
>        evidence, warrantless search, failure to have legal counsel during
>        interrogation. drop to sexual abuse II

Attached to his complaint are three pages which detail a "motion," a "motion: violation of

civil rights.  writ of habeas corpus," and "writ of habeas corpus."  However, the plaintiff is

not incarcerated and seeks in his prayer for relief only to be reinstated in his job at the

Montgomery Youth Detention Facility and to return to his position as a constable for

Montgomery County and a licensed private investigator for Montgomery County.

This is a paradigm of a case that should be dismissed without prejudice pursuant to

28 U.S.C. § 1915(e)(2)(B)(i).  The plaintiff's claims are barred by the statute of limitations.

This lawsuit was filed on January 5, 2007.  The plaintiff alleges that the deprivation of his

constitutional rights occurred on June 15, 1993. In this Circuit, Alabama's two-year personal

injury statute of limitations is applicable to claims brought pursuant to 42 U.S.C. § 1983. *See*

*Owens v. Okure*, 488 U.S. 235 (1989); *see also Jones v. Preuit & Mauldin*, 876 F.2d 1480

(11ᵗʰ Cir. 1989); *Dukes v. Smitherman*, 32 F.3d 535 (11ᵗʰ Cir. 1994). In this circuit, claims

barred by the statute of limitations may be dismissed under § 1915. *Clark v. State of Ga.*

*Pardons & Paroles Bd.*, 915 F.2d 636 (11ᵗʰ Cir. 1990). The plaintiff's claims arose more

than two years before the date he filed this complaint, and thus, his claims are barred by the

statute of limitations.[1]

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(d) and (e)(2)(i). It is further

the RECOMMENDATION of the Magistrate Judge that costs be taxed against the plaintiff.

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on

or before February 12, 2007. Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

[1] Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11ᵗʰ Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5ᵗʰ Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark,* 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n. 2.

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of January, 2007.


                    /s/Charles S. Coody
                    CHARLES S. COODY
                    CHIEF UNITED STATES MAGISTRATE JUDGE